1

2  **WO**

3

4

5

6  ### IN THE UNITED STATES DISTRICT COURT

7  ### FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9  Steven Williams,                              ) No. CV 1-08-1187-DGC
                                                 )
10            Plaintiff,                          ) **ORDER**
                                                 )
11  vs.                                           )
                                                 )
12  W.J. Sullivan, et al.,                        )
                                                 )
13            Defendants.                         )
    _____          )

14

15        Plaintiff Steven Williams, who is confined in the Tehachapi State Prison, filed a *pro*

16  *se* civil rights Complaint pursuant to 42 U.S.C. § 1983.  On February 19, 2009, the Court

17  dismissed the Complaint with leave to amend (Doc. #10).  On March 12, 2009, Plaintiff filed

18  a First Amended Complaint (Doc. #11).  The Court will dismiss the Amended Complaint

19  with leave to amend.

20  **I.      Statutory Screening of Prisoner Complaints**

21        The Court is required to screen complaints brought by prisoners seeking relief against

22  a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

23  § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

24  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

25  be granted, or that seek monetary relief from a defendant who is immune from such relief.

26  28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the

27  allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint

28

before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Amended Complaint will be dismissed for failure to state a claim, with leave to amend because the Amended Complaint may possibly be saved by amendment.

## II. Amended Complaint

Plaintiff names Warden Frank Gonzales, Captain T. Steadman, Associate Warden Mario Carrasco, Appeals Coordinator K. Sampson and Correctional Officer Redenius as Defendants in the Amended Complaint.

Plaintiff raises three grounds for relief in the Amended Complaint:

(1)     Plaintiff's First, Fourth, Eighth, and Fourteenth Amendment rights were violated when he was denied access to the courts;

(2)     Plaintiff's legal materials were lost and not returned; and

(3)     Plaintiff's equal protection and First Amendment rights were violated when Defendant Carrasco retaliated against Plaintiff by confiscating Plaintiff's legal books and papers and when Defendant Sampson retaliated against Plaintiff by denying Plaintiff's grievance appeals.

Plaintiff seeks money damages.

## III. Failure to State a Claim

### A.     Count I–Access to Courts

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

To establish that he was denied meaningful access to the courts, a plaintiff must submit evidence showing that he suffered an "actual injury" as a result of the defendants'

actions.  See Lewis v. Casey, 518 U.S. 343 (1996). An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."  Id. at 348. To show actual injury with respect to contemplated litigation, the plaintiff must demonstrate that the conduct of the defendants prevented him from bringing to court a nonfrivolous claim that he wished to present. Id. at 352-53.  That nonfrivolous claim must be a direct or collateral attack on the inmate's sentence, or a challenge to the conditions of his confinement. Id. at 355.  "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. (emphasis in original).

Plaintiff has failed to allege facts sufficient to state a claim in Count I.  Although Plaintiff states that Defendant Gonzales "never provided the interview documentation for evidential value, which violates [Plaintiff's] rights of access to courts," Plaintiff fails to provide any context for his allegation.  Plaintiff does not describe what type of legal action Defendant Gonzlaes failed to provide documentation for, nor has Plaintiff clearly described how he was injured by Defendant Gonzales's actions.  Accrodingly, Count I fails to state a claim.

**B.      Count II–Property**

In Count II, Plaintiff alleges that Defendant Steadman violated Plaintiff's property rights when he failed to ensure the return of Plaintiff's property after ordering prison staff to return the property.

Section 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the United States Constitution and federal law.  42 U.S.C. § 1983; see also Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995). Plaintiff has failed to allege the violation of a constitutional right in Count II.

Moreover, to the extent that Plaintiff may intend to argue that his property was confiscated without due process, his allegations fail to state a claim.  A state employee who intentionally and without authorization deprives a person of his property does not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available.

Hudson v. Palmer, 468 U.S. 517, 533 (1984). California law provides inmates with an adequate post-deprivation remedy for property loss. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). Plaintiff has therefore failed to state a claim in Count II.

### C.    Count III-Retaliation

In Count III, Plaintiff alleges Defendant Carrasco retaliated against Plaintiff by confiscating Plaintiff's legal books and papers. Plaintiff also alleges that Defendant Sampson denied his grievance appeals.

A viable claim of First Amendment retaliation contains five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) was not narrowly tailored to advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-58 (9th Cir. 2005); see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an inmate must show (1) that the prison official acted in retaliation for the exercise of a constitutionally protected right, and (2) that the action "advanced no legitimate penological interest").

Plaintiff has not alleged that he was retaliated against for exercising a constitutionally protected right. Plaintiff has therefore failed to state a claim in Count III.

## IV.    Leave to Amend

For the foregoing reasons, Plaintiff's Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a second amended complaint on the form provided with this Order. If Plaintiff fails to use the form provided with this Order, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety on the form provided with this Order and may not incorporate any part of the original Complaint or First Amended Complaint by reference.

Plaintiff must comply with the instructions provided with the form. Plaintiff should pay close attention to the instructions provided with the form. If Plaintiff fails to comply with the instructions provided with the form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Among other requirements contained in the instructions, Plaintiff is advised that the instructions require him to provide information regarding the Court's jurisdiction, provide information about the defendants, and divide his lawsuit into separate counts. In each count, Plaintiff must identify what federal constitutional civil right was violated, identify the issue most closely involved in that count, state which defendants violated that right and what those defendants did to violate that right, explain how Plaintiff was injured by the alleged violation of the constitutional right, and identify whether Plaintiff has exhausted any available administrative remedies. Plaintiff must repeat this process for each civil right that was violated. Plaintiff may allege only one claim per count.

A second amended complaint supersedes the original complaint and first amended complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint or amended complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint or first amended complaint is waived if it is not raised in a second amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

## V.  Warnings

### A.  Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B.  Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See

LRCiv 5-133(d)(2).  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.    Possible "Strike"**

Because the Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).   Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    The First Amended Complaint (Doc. #11) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)    If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

1    (3)    The Clerk of Court must include with this Order a copy of this judge's required

2    form for filing a civil rights complaint by a prisoner.

3    DATED this 14th day of April, 2009.

4

5

6    _____

7    David G. Campbell
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint in the
United States District Court for the Eastern District of California**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

7.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name: _____
Address:_____
       Attorney for Defendant(s)
_____
(Signature)

8. <u>Amended Complaint</u>. If you need to change any of the information in the initial complaint, you must file an amended complaint. The amended complaint must be written on the court-approved civil rights complaint form. You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint. <u>See</u> Fed. R. Civ. P. 15(a). After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. In addition, an amended complaint may not incorporate by reference any part of your prior complaint. **Any allegations or defendants not included in the amended complaint are considered dismissed**. All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

9. <u>Exhibits</u>. You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased. You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

10. <u>Letters and Motions</u>. It is generally inappropriate to write a letter to any judge or the staff of any judge. The only appropriate way to communicate with the Court is by filing a written pleading or motion.

11. <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**
    1. <u>Your Name</u>. Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2. <u>Defendants</u>. If there are **four or fewer** defendants, print the name of each. If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants. Insert the additional page after page 1 and number it "1-A" at the bottom.

    3. <u>Jury Demand</u>. If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER." Failure to do so may result in the loss of the right to a jury trial. A jury trial is not available if you are seeking only injunctive relief.

**Part A. JURISDICTION:**
    1. <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for

federal defendants; or "other."  If you mark "other," identify the source of that authority.

2. <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3. <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

## Part B.  PREVIOUS LAWSUITS:

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

## Part C.  CAUSE OF ACTION:

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5. Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**

Print the relief you are seeking in the space provided.

**SIGNATURE:**

You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.


## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____

Place of Confinement

_____

Mailing Address

_____

City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

_____ ,  )
(Full Name of Plaintiff)   Plaintiff,  )
                          )
              vs.        )  **CASE NO.** _____
                          )        (To be supplied by the Clerk)

(1)_____ ,  )
(Full Name of Defendant)   )

(2)_____ ,  )
                          )  **CIVIL RIGHTS COMPLAINT**

(3)_____ ,  )  **BY A PRISONER**
                          )

(4)_____ ,  )  ☐ Original Complaint
      Defendant(s).        )  ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )  ☐ Second Amended Complaint

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
        ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B. DEFENDANTS

1. Name of first Defendant: _____. The first Defendant is employed as:

   _____at_____.
                 (Position and Title)                                  (Institution)

2. Name of second Defendant: _____. The second Defendant is employed as:

   _____at_____.
                 (Position and Title)                                  (Institution)

3. Name of third Defendant: _____. The third Defendant is employed as:

   _____at_____.
                 (Position and Title)                                  (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as:

   _____at_____.
                 (Position and Title)                                  (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?     ☐ Yes     ☐ No

2. If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
   1.  Parties: _____ v. _____
   2.  Court and case number: _____.
   3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
   _____.

   b.  Second prior lawsuit:
   1.  Parties: _____ v. _____
   2.  Court and case number: _____.
   3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
   _____.

   c.  Third prior lawsuit:
   1.  Parties: _____ v. _____
   2.  Court and case number: _____.
   3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
   _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: _____
   _____.

2. **Count I**. Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   _____
   _____
   _____.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
   b. Did you submit a request for administrative relief on Count I? ☐ Yes ☐ No
   c. Did you appeal your request for relief on Count I to the highest level? ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
   _____.

## COUNT II

1.  State the constitutional or other federal civil right that was violated: _____
    _____ .

2.  **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.

    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer      ☐ Threat to safety ☐ Other: _____ .

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____ .

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

    _____
    _____
    _____ .

5.  **Administrative Remedies.**

    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No

    b.  Did you submit a request for administrative relief on Count II?      ☐ Yes    ☐ No

    c.  Did you appeal your request for relief on Count II to the highest level?      ☐ Yes    ☐ No

    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
        _____ .

**COUNT III**

1.  State the constitutional or other federal civil right that was violated: _____
_____ .


2.  **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities        ☐ Mail          ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings  ☐ Property      ☐ Exercise of religion     ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____ .


3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .


4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____ .


5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your
        institution?                                                                ☐ Yes   ☐ No
    b.  Did you submit a request for administrative relief on Count III?             ☐ Yes   ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?    ☐ Yes   ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not. _____
        _____ .


**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                          DATE                                                    SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)
_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.