KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

Steven Williams,                    )  No. CV 1-08-1187-DGC
                                    )
    Plaintiff,                      )  **ORDER**
                                    )
vs.                                 )
                                    )
W.J. Sullivan, et al.,              )
                                    )
    Defendants.                     )
                                    )

Plaintiff Steven Williams, who is confined in the Tehachapi State Prison, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. On February 19, 2009, the Court dismissed the Complaint with leave to amend (Doc. #10). On March 12, 2009, Plaintiff filed a First Amended Complaint (Doc. #11), which the Court also dismissed with leave to amend (Doc. #13). On May 4, 2009, Plaintiff filed a Second Amended Complaint (Doc. #14). The Court will dismiss the action.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II. Second Amended Complaint

Plaintiff names Chief Deputy Warden Fernando Gonzalez, Captain T. Steadman, Law Librarian C.O. Redinus, and Appeals Coordinator K. Sampson as Defendants in the Second Amended Complaint. Plaintiff raises three grounds for relief in the Second Amended Complaint:

(1) Plaintiff's First, Fourth, Eighth, and Fourteenth Amendment access-to-the-court rights were violated when Defendants failed to timely process Plaintiff's grievance appeals, failed to return some of Plaintiff's property including legal documents, and limited Plaintiff's access to the law library;

(2) Plaintiff's First, Fourth, Eighth, and Fourteenth Amendment rights were violated when Defendant Sampson refused to process Plaintiff's grievance appeals and Defendant Redinus denied Plaintiff law library services, in retaliation for Plaintiff's attempts to exercise his First Amendment rights; and

(3) Plaintiff's Equal Protection and First Amendment rights were violated when Defendants denied him the "basic necessities" of procedural due process.

Plaintiff seeks money damages.

## III. Failure to State a Claim

### A. Count I

The right of meaningful access to the courts prohibits state officials from actively interfering with inmates' attempts to prepare or file legal documents. Lewis v. Casey, 518 U.S. 343, 350 (1996). The right of access to the courts is only a right to bring petitions or complaints to federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. Id. at 354; see also Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995) ("The right of access is designed to ensure that a habeas petition or civil rights complaint of a person in state custody will reach a court for consideration.") The right "guarantees no particular methodology but rather, the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Lewis, 518 U.S. at 356.

1      In Count I, Plaintiff alleges that as a result of Defendants' actions he lost his criminal
2 case, civil cases, and a habeas corpus case.  Plaintiff has not alleged that he was prevented
3 from bringing any of these actions to court and has failed to describe how his criminal case
4 was impacted by Defendants' action.  Plaintiff has essentially alleged that he was prevented
5 from litigating his various cases effectively once they were file with a court.  This is
6 insufficient to state an access-to-courts claim.  The Court will therefore dismiss Count I for
7 failure to state a claim.

8      **B.     Count II**

9      Retaliation claims require an inmate must show (1) that the prison official acted in
10 retaliation for the exercise of a constitutionally protected right, and (2) that the action
11 "advanced no legitimate penological interest." Hines v. Gomez, 108 F.3d 265, 267 (9th Cir.
12 1997).  In Count II, Plaintiff alleges that Defendant Sampson chilled Plaintiff's First
13 Amendment rights by "refusing to process the submitted appeals on emergency criteria, and
14 further . . . by refusing [to] follow[] appeals, and then disregarding [Plaintiff's] rights to
15 exercise a post-deprivation remedy."  Plaintiff further alleges that Defendant Redinus denied
16 him law library services.  Plaintiff claims that Defendants acted with "intentional and
17 indifferent retaliatory (sic) for Plaintiff trying to exercise his rights as prescribed and
18 persistent established law."

19      Plaintiff's allegations are insufficient to state a claim because he has not described
20 specific actions for which the Defendants retaliated against him;  Plaintiff alleges only that
21 he was attempting to exercise his First Amendment rights.  Although *pro se* pleadings are
22 liberally construed, Haines v. Kerner, 404 U.S. 519 (1972), conclusory and vague allegations
23 will not support a cause of action.  Ivey v. Board of Regents of the University of Alaska, 673
24 F.2d 266 (9th Cir. 1982); Rhodes v. Robinson, 612 F.2d 766, 772 (3d Cir. 1979).  Plaintiff's
25 retaliation allegations are vague and insufficient to support a claim of retaliation.

26      To the extent that Plaintiff claims his rights were violated by Defendants' failure to
27 process his grievances and grievance appeals properly, the Court notes that an inmate has no
28 free-standing constitutional right to a grievance process.  In Mann v. Adams, 855 F.2d 639,

640 (9th Cir. 1988), the Ninth Circuit held that a prisoner does not have a protected liberty interest in prison grievance procedures. Other circuits have held similarly. See Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir.1996); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). Without a liberty interest, Plaintiff has no procedural due process rights at stake. The Court will dismiss Count II for failure to state a claim.

### C. Count III

In Count III, Plaintiff alleges that his equal protection and First Amendment rights were violated when Defendants denied him his "basic necessities" of procedural due process. Plaintiff alleges the same facts as those alleged in Count I and II against the same Defendants. The Court will therefore dismiss Count III as duplicative of Counts I and II.

## IV. Dismissal without Leave to Amend

As no claims now remain, the Court will dismiss the Second Amended Complaint and this action. Leave to amend need not be given if a complaint as amended is subject to dismissal. Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny or grant leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. See Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). Failure to cure deficiencies by previous amendments is one of the factors to be considered in deciding whether justice requires granting leave to amend. Moore, 885 F.2d at 538. The Court has reviewed the Second Amended Complaint and finds that further amendment of Plaintiff's claims would be futile. The Court will therefore dismiss the Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) The Second Amended Complaint (Doc. #14) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

1  (2) The Clerk of Court must make an entry on the docket stating that the dismissal
2 for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

DATED this 30th day of June, 2009.

_David G. Campbell_
United States District Judge